# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TIMOTHY A. CHERRY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 09-01027-CV-W-FJG |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION d/b/a Amtrak, et al.<br>Defendants. | )<br>)<br>)<br>) |

## **ORDER**

Pending before the Court is plaintiff's Motion to Remand (Doc. No. 7).

**I.  BACKGROUND**

Plaintiff Timothy Cherry is a former Amtrak employee and resident of Missouri. Defendant Amtrak is a private, for-profit corporation organized and incorporated under the laws of the United States of America with a principal place of business in Washington, D.C.  Amtrak conducts local business in Kansas City, Missouri.  Defendant White is a resident of Missouri, and at all times relevant to this action, was plaintiff's supervisor at Amtrak.

Plaintiff alleges defendant White subjected him to harassment and discrimination because of his gender, and claims he was treated unfairly as a result of his protests to the harassment.  Plaintiff alleges defendants retaliated against him by first suspending and then terminating his employment on or about March 30, 2009.  On October 8, 2009, plaintiff filed a single-count Petition in the Circuit Court of Jackson County, Missouri against defendant Amtrak and defendant White, alleging retaliation in violation of the Missouri Human Rights Act. R.S. Mo. §213.010 *et seq.*

Defendants filed a Notice of Removal to this Court on December 9, 2009 (Doc. No. 1), pursuant to §§ 1331and 1441(a), and §1349[1], which creates federal subject matter jurisdiction over federally chartered corporations in which the United States owns more than half of the capital stock. Plaintiff filed a Motion to Remand (Doc. No. 7), arguing removal was deficient because defendants did not include timely filed written consent from both Amtrak and White.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having authority to only decide cases that the Constitution and Congress have empowered them to resolve. 28 U.S.C. §1331 grants district courts original jurisdiction over any civil action presenting a question of federal law, and 28 U.S.C. §1441(a) permits any civil action over which the district court has original jurisdiction to be removed from state to federal court. However, where plaintiff moves to remand a case that has been removed to federal court:

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See, e.g., Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D. Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999).

---

[1] 28 U.S.C. §1349 states, "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Dev. Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, at *2 (D. Neb. Oct. 11, 2005) (citing Shamrock Oil & Gas Corp., 313 U.S. at 107-09).

## III. DISCUSSION

Plaintiff argues the case should be remanded to State court due to a deficiency in defendants' Notice of Removal. General removal statute §1441 allows defendants to remove cases over which the district court has original jurisdiction. In such cases, the "rule of unanimity" ordinarily applies, which requires all defendants in the state court action to consent to and sign the notice of removal. 28 U.S.C. §1446(a); Casey v. F.D.I.C., 583 F.3d 586, 591 (8th Cir. 2009). Plaintiff claims defendants "did not file a separate consent by each defendant to the removal nor did they include an allegation in the Notice of Removal that all properly served defendants had consented to removal" (Doc. No. 7).

In support of its argument, plaintiff cites factually distinct cases that patently do not comply with the rule of unanimity. In Alcorn v. Union Pacific Railroad Co., 3 F.Supp.2d 1085 (W.D. Mo. 1998) Amtrak removed to federal district court pursuant to §1349, and the court acknowledged it had subject matter jurisdiction. However, because one of the three defendants expressly refused consent to removal the court granted plaintiff's motion to remand. In Rodriguez v. Amtrak, et al., 483 F.Supp.2d 553 (W.D. Texas 2007), Amtrak filed a notice of removal to federal court but failed to include written consent to the removal from the two other defendants, nor did it allege their consent in its notice. The court held that under Fifth Circuit case law interpreting the

3

removal statute (§1441), Amtrak, as a federally chartered corporation, did not have an independent right of removal but instead required the consent of their co-defendants for proper removal.  See also, Castrillo v. City of New York, et al., 19 F.Supp.2d 174 (S.D.N.Y. 1998) (finding Amtrak had no independent right of removal and, thus, required consent of all defendants to remove to federal court).

Plaintiff's argument lacks merit in light of the relevant law and facts because no such procedural errors exist in the instant case.  The Eighth Circuit has held that an attorney has the authority to act on a defendant's behalf in providing consent for removal.  Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) ("[E]ach defendant need not necessarily sign the notice of removal . . .[t]here must, however, 'be some timely filed written indication from each served defendant' or from some person with authority to act on the defendant's behalf, indicating [] defendant 'has actually consented' to the removal.'") (citing Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).  In this case, the same attorney represents both Amtrak and White.  The Notice of Removal clearly indicates both of the defendants intend to remove the action ("defendants . . . Amtrak and Stella White, hereby remove the above-captioned action from the Circuit Court of Jackson, Missouri[]"), and the signature block states the attorney represents both defendants.  Also, the notice was timely filed within 30 days of service of the complaint.[2]  Based on the foregoing, defendants' Notice of Removal complies with the procedure set forth in 28 U.S.C. §1446(a) and (b) and remand is not appropriate on these grounds.

Plaintiff's Petition alleges one state law claim under the Missouri Human Rights

---

[2]Amtrak was served by registered mail on November 9, 2009, and White was personally served on November 18, 2009.

Act. R.S. Mo. §213.010 *et seq.*, thus, a federal question does not appear on the face of plaintiff's well-pleaded complaint. However, 28 U.S.C. §1349 creates federal question jurisdiction due to Amtrak's character as a federally chartered corporation in which the United States owns more than one-half of the capital stock. While the language in §1349 does not state jurisdiction in federal court is exclusive, the overwhelming approach is for district courts to exercise jurisdiction under this Congressional grant of federal question jurisdiction. See Hollus v. Amtrak Northeast Corridor, 937 F.Supp. 1110, 1113 (D.N.J.1996)("Because a majority of the capital stock of Amtrak is owned by the United States, the federal courts have subject matter jurisdiction over any action involving Amtrak.") aff'd 118 F.3d 1575 (3d Cir. 1997); see also National R.R. Passenger Corp. v. Rountree Transport and Rigging, Inc., 286 F.3d 1233, 1259 n. 25 (11th Cir.2002)("It is true that, because Amtrak is a federally chartered corporation that meets the requirements of 28 U.S.C. § 1349, federal question jurisdiction is proper"); see also Stuckey v. Illinois Central R.R. Co., No. 2:96CV47-B-A, 1996 WL 407247 (N.D. Miss. June 5, 1996)(denying plaintiff's motion to remand, despite non-diverse defendant joining plaintiff's motion in support of remand) aff'd. 162 F.3d 96 (5th Cir. 1998).

Plaintiff agrees this Court has subject matter jurisdiction, but argues it is not exclusive because state courts have jurisdiction to decide federal question cases. While plaintiff is correct in pointing out that state courts may decide cases presenting a federal question, it provides no further support for its argument that this Court should remand on this basis.[3] Plaintiff has not offered, and the Court has not identified,

---

[3] Plaintiff cites to Jefferson v. City of Tarrant, Alabama, 522 U.S. 75 (1997) in support. Jefferson, a criminal case, merely affirms the principle that federal courts have the power to review a final state court federal-question decision. Id. at 85.

authority showing otherwise.

In addition, the Court may exercise jurisdiction over defendant White, who is a Missouri citizen. In a civil action in which the federal district court possesses original jurisdiction, § 1367(a) gives district courts supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## IV. CONCLUSION

There is no procedural deficiency with defendants' Notice of Removal (Doc. No. 1), and jurisdiction is proper in federal court pursuant to §§ 1331and 1441(a), and §1349. Accordingly, plaintiff's Motion to Remand (Doc. No. 7) is **DENIED**.

**IT IS SO ORDERED.**

Date: 03/01/10  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
 Chief United States District Judge